Virginia L. Reiman and Arthur C. Reiman v. Commissioner.
Reiman v. Commissioner
Docket No. 284-67.
United States Tax Court
T.C. Memo 1968-117; 1968 Tax Ct. Memo LEXIS 182; 27 T.C.M. (CCH) 558; T.C.M. (RIA) 68117; June 17, 1968, Filed Arthur C. Reiman, pro se, 17303 Burbank Blvd., Encino, Calif. Brice Tondre, for the respondent. RAUM
Memorandum Opinion RAUM, Judge: Petitioners Arthur C. Reiman and Virginia L. Reiman are husband and wife. They were residents of Encino, California, at the time the petition herein was filed. They timely filed signed separate Forms 1040-A for 1963 with the district director at Los Angeles. Although each return disclosed the name, address and social security number of the taxpayer, no information was supplied as to the taxpayer's income, exemptions, employer's name, etc., and no amount of tax was disclosed. The husband's return contained a notation reading "Completion of return depends on Department of Justice fulfilling by Constitutional Rights". The wife's return contained a notation reading "Mr. Reiman *183 refuses to supply data for my return". The facts have been stipulated. Mr. Reiman was employed by Dynamic Electric Company, which paid him wages in the total amount of $10,781.29 in 1963, and withheld $1,210.33 Federal income taxes from those wages. The Commissioner determined the following deficiencies and additions to tax against petitioners for 1963: *13
Additions to Tax,I.R.C. 1954
Deficiency
Sec. 6651(a)
Sec. 6653(a)
Arthur C. Reiman
$1,588.86
$245.93
$79.44
Virginia L. Reiman
1,408.86
200.92
70.44
The deficiencies were based upon three adjustments as follows: Wages
$10,781.29
Unexplained bank deposits
5,750.26
Interest income 394.20
Total
$16,925.75 The Commissioner attributed one-half of this total ($8,462.88) to each spouse as community income. The difference in tax computed by the Commissioner or the spouses is due to differences in exemptions which 559 he allowed or disallowed in respect of the children of the taxpayers. The petitioners have conceded the correctness of the Commissioner's adjustments relating to wages and interest income, and the Commissioner has conceded the bank deposit issue. *184 He has also accepted the petitioners' position in respect of the dependency exemptions. Although the foregoing mutual concessions would appear to dispose of all issues relating to the deficiencies, petitioners nevertheless contest their liability therefor. They argue that the Department of Justice has failed to protect certain rights claimed by them as against the State of California, and they argue that in these circumstances they do not owe any taxes to the Federal Government. We are satisfied that petitioners are sincere in their position and beliefs, but this circumstance cannot relieve them of liability for taxes under the Internal Revenue Code of 1954. As to the additions to tax, the so-called penalties (recomputed on the basis of concessions as to income made by the parties) must be approved. The 25 percent addition to tax under section 6651(a) is based upon failure to file a return. The bare Forms 1040-A, reciting name, address, and social security number, without any data whatever as to income, dependency exemptions, etc., do not qualify as returns under the (C.A. 8), certiorari denied *185 , affirming a Memorandum Opinion of this Court; , affirmed (C.A. 10), certiorari denied ; ; ; cf. , and the reason relied upon by petitioners for failure to file a proper return does not represent reasonable cause under the statute. See ; ; . Similarly, the five percent addition under section 6653(a) for non-fraudulent failure to pay tax is mandatory where such payment is due to negligence or intentional disregard of rules and regulations. We hold that petitioners have failed to establish the inapplicability of these provisions on this record. The only decision relied upon by petitioners, is obviously not in point. Decision will be entered under Rule 50.